## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DIANA GONDEAU-GUTTU<br>9436 Whalers Cove<br>Mentor, Ohio 44060<br><br>       *Plaintiff,*<br><br>   -vs-<br><br>DLR GROUP, INC., an Ohio Corporation<br>c/o Corporation Service Company,<br>Statutory Agent<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221<br><br>and<br><br>DLR HOLDING COMPANY, a Delaware<br>Corporation<br>c/o Corporation Service Company,<br>Statutory Agent<br>251 Little Falls Drive<br>Wilmington, Delaware 19808<br><br>and<br><br>DLR GROUP, GROUP SERVICES<br>6457 Frances Street, Suite 200<br>Omaha, Nebraska 68106<br><br>       *Defendants*. | Case No.: _____<br><br>Judge _____<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff Diana Gondeau-Guttu ("Ms. Guttu"), by and through counsel, and for her Complaint states the following:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked under federal question jurisdiction provided under 28 U.S.C. §1331, in that Plaintiff's Complaint asserts violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2611, *et seq*., ("FMLA"); Titles I and V of the Americans with Disabilities Act of 1990, as amended ("ADAAA"); and Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1140.  This Court also has supplemental jurisdiction over Plaintiff's state law statutory claims under 28 U.S.C. §1367.

2.      Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims alleged occurred in the Northern District of Ohio.

3.      For her federal claims under the ADAAA, Ms. Guttu has exhausted all available administrative remedies prior to bringing suit. Pursuant to the claims set forth herein, Ms. Guttu received notice of a Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") dated November 7, 2023, attached as Exhibit A.

4.       For her state law claims under Ohio Revised Code, Chapter 4112, Ms. Guttu timely filed a charge of discrimination and retaliation with the EEOC with respect to her discrimination and retaliation claims. Such charge was dual filed with the Ohio Civil Rights Commission ("OCRC") pursuant to the Work-Sharing Agreement between the EEOC and OCRC.

**PARTIES**

5.      At all times relevant, Ms. Guttu resided in Lake County, Ohio and was employed by Defendants DLR Group Inc., an Ohio Corporation; DLR Holding Company, a Delaware Corporation; and DLR Group, Group Services (collectively "DLR").

6.      At all times relevant, DLR provides various architectural design and engineering services throughout the United States and globally and is therefore engaged in interstate commerce.

7.      DLR has employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year in relation to the events alleged below.

**FACTUAL ALLEGATIONS**

8.      Ms. Guttu was employed by DLR from on or about June 11, 2018 until her wrongful termination on or about April 5, 2023.

9.      Prior to her termination and for the 12 months preceding her request for leave under the FMLA, Ms. Guttu worked full-time at or over 1,250 hours, as a Financial Administrator.

10.      During her tenure at DLR, Ms. Guttu successfully performed her job duties and responsibilities.

11.      DLR offers a self-funded health insurance plan to its employees, meaning that it uses its own financial resources to cover its employees' claims for health insurance.

12.      On or about January 11, 2023, Ms. Guttu was diagnosed with breast cancer, which limits her major life activities, including but not limited to, normal cell growth and

reproductive functions. Ms. Guttu immediately advised her Manager, Aisha Khan, of her diagnosis.

13.     On or about February 10, 2023, Ms. Guttu asked DLR about her eligibility for FMLA leave to cover the time off required for her upcoming surgeries related to her cancer treatment.

14.     On or about February 16, 2023, Ms. Guttu applied for FMLA leave, which DLR approved. Ms. Guttu's anticipated return-to-work date was March 8, 2023.

15.     On or about February 22, 2023, Ms. Guttu underwent her first surgery.

16.     In or about early March 2023, Ms. Guttu was advised by her doctor that she would need to undergo chemotherapy and radiation therapy and have one or more additional surgeries. Ms. Guttu shared this information with Ms. Khan and her co-workers.

17.     In or about March 2023, DLR received an invoice from the Cleveland Clinic regarding Ms. Guttu's first surgery totaling approximately $100,000.00.

18.     Because DLR is a self-insured employer, copies of any medical bills are reviewed by the Chief Human Resources Officer, Molly Johnson, and the Chief Financial Officer, Rebecca Schnack.

19.     Although Ms. Guttu was unable to return to the office on March 8, 2023, due to her diagnosis and continuing treatment, she performed her job duties while working from home.

20.     On or about March 24, 2023, Ms. Guttu advised Matthew Janiak, the Northeast Region Leader, and Philip LiBassi, the Global Healthcare Sector Leader, that her absence from the office was due to her breast cancer diagnosis and treatment and requested a temporary work-from-home accommodation.

4

21.     On or about April 4, 2023, Ms. Guttu had her chemotherapy port installed. On that same day, at approximately 4:30 p.m., Ms. Schnack left a voicemail for Ms. Guttu to give her a call.

22.     The next morning, on or about April 5th, at approximately 8:30 a.m., Ms. Schnack and Maddie McCauley, Human Resources Business Partner, called Ms. Guttu on the telephone and terminated her.

23.     Since being terminated by Defendants, Ms. Guttu has continued to receive treatment for her cancer.

24.     No one from DLR, including her supervisors or anyone from Human Resources, engaged in any interactive process with Ms. Guttu regarding her accommodation request, *i.e.,* temporary work-from-home arrangement.

## COUNTS I and II
## Violations of 29 U.S.C. §2611, *et seq.* – FMLA Interference and Retaliation

25.     Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

26.     At all times relevant to this Complaint, individuals acting on behalf of Defendants were agents and/or employees of Defendants. Defendants are liable for the unlawful acts of its agents and employees under the doctrine of *respondeat superior*.

27.     Ms. Guttu is an "eligible employee" as that term is defined by 29 U.S.C. §2611(2)(A).

28.     Each Defendant meets the definition of an "employer" as that term is defined by 29 U.S.C. §2611(4).

29.     Ms. Guttu requested leave under the FMLA because she suffered from a "serious health condition", as that term is defined by 29 U.S.C. §2611(11), in that she has cancer that involves continuing treatment by a health care provider.

30.     Ms. Guttu was entitled to leave pursuant to 29 U.S.C. §2612(a)(1).

31.     Ms. Guttu provided Defendants with notice of her need for leave pursuant to 29 U.S.C. §2612(e).

32.     Defendants violated 29 U.S.C. §§2612 and 2615 when they interfered with the exercise of Ms. Guttu's rights under the FMLA and retaliated against Ms. Guttu for requesting FMLA leave by terminating her.

33.     The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu. Additionally, Defendants lacked good faith and reasonable grounds for its conduct.

34.     As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic injuries, including but not limited to, the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

**COUNT III**
**Violation of 42 U.S.C. §12101, *et seq.* — Disability/Perceived Disability**
**Discrimination**

35.     Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

36.     At all times relevant, Ms. Guttu suffers from a physical impairment, cancer, which substantially limits Ms. Guttu in major life activities, including but not limited to

normal cell growth and reproductive functions. Ms. Guttu thus suffers from a disability and/or was regarded as suffering from a disability within the meaning of 42 U.S.C. §12102.

37.     Ms. Guttu was a qualified individual with a disability within the meaning of 42 U.S.C. §12111(8) and could perform the essential functions of her job with or without a reasonable accommodation.

38.     Each Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5).

39.     Defendants knew Ms. Guttu was disabled and/or regarded her as being disabled.

40.     Defendants discriminated and/or retaliated against Ms. Guttu, in violation of 42 U.S.C. §12112, because she was disabled and/or was regarded as being disabled and/or requested a reasonable accommodation, by failing to accommodate her disability, by terminating her employment, and/or otherwise discriminating and/or retaliating against her in the terms, privileges, and conditions of employment.

41.     The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

42.     As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

## COUNT IV
### Violation of O.R.C. §4112.02(A) – Disability/Perceived Disability Discrimination

43.    Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

44.    Each Defendant is an "employer" within the meaning of §4112.01(A)(2) of the Ohio Revised Code, and Ms. Guttu is an "employee" within the meaning of §4112.01(A)(3) of the Ohio Revised Code.

45.    Ms. Guttu suffers from a physical impairment, cancer, which substantially limits Ms. Guttu in major life activities, including but not limited to normal cell growth and reproductive functions. Ms. Guttu is thus disabled, has a record of suffering from a substantially limiting impairment, and/or was regarded as being disabled by Defendants.

46.    Defendants were aware of her disability and/or regarded Ms. Guttu as being disabled.

47.    Ms. Guttu was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

48.    Defendants, however, terminated Ms. Guttu, at least in part, because of her disability and/or because Defendants perceived Ms. Guttu as being disabled.

49.    The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

50.    As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

**COUNT V**
**Violation of 42 U.S.C. §12112 – Failure to Provide Reasonable Accommodation**

51.    Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

52.    Ms. Guttu suffers from a physical impairment, cancer, that substantially limits one or more major life activities and/or has a record of suffering from a substantially limiting impairment, of which Defendants were aware.

53.    Ms. Guttu was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

54.    Defendants, however, failed to engage in the interactive process with Ms. Guttu to define and provide one or more reasonable accommodations for her and/or failed to grant her any reasonable accommodation, but instead terminated Ms. Guttu.

55.    The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

56.    As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

**COUNT VI**
**Violation of O.R.C. §4112.02(A) – Failure to Provide Reasonable Accommodation**

57.    Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

9

58.     Ms. Guttu suffers from a physical impairment, cancer, that substantially limits one or more major life activities and/or has a record of suffering from a substantially limiting impairment, of which Defendants were aware.

59.     Ms. Guttu was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

60.     Defendants, however, failed to engage in the interactive process with Ms. Guttu to define and provide one or more reasonable accommodations for her and/or failed to grant her any reasonable accommodation, but instead terminated Ms. Guttu.

61.     The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

62.     As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

## COUNT VII
## Violation of 42 U.S.C. §12203 – Retaliation

63.     Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

64.     During the time that Ms. Guttu worked for Defendants, she was engaged in protected activity by requesting a reasonable accommodation.

65.     Defendants knew that Ms. Guttu was exercising protected rights.

66.     Defendants thereafter took an adverse employment action against Ms. Guttu by terminating her.

67. There is a causal connection between Ms. Guttu's exercise of protected rights and Defendants' adverse employment action against her.

68. The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

69. As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

## COUNT VIII
## Violation of O.R.C. §4112.02(I) – Retaliation

70. Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

71. Defendants retaliated against Ms. Guttu after she engaged in protected activity when she requested reasonable accommodation for her disability.

72. Defendants knew that Ms. Guttu was exercising protected rights and thereafter took one or more adverse employment actions against her by terminating her and/or engaging in other such conduct which would dissuade a reasonable person from engaging in protected activity.

73. The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

74. As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and

the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

### COUNTS IX and X
### Violations of 29 U.S.C. §1140 – ERISA Interference and Retaliation

75.    Ms. Guttu reaffirms and realleges each preceding paragraph of her Complaint as if fully rewritten herein.

76.    Each Defendant is a "person" within the meaning of ERISA, 29 U.S.C. §1002(9).

77.    Defendants' healthcare plan is an "employee benefit plan", as that term is defined under 29 U.S.C. §1002(3).

78.    Ms. Guttu was a "participant", as that term is defined in 29 U.S.C. §1002(7), in Defendants' healthcare plan, as contemplated under 29 U.S.C. §1140.

79.    By terminating Ms. Guttu, Defendants eliminated their obligation to fund Ms. Guttu's healthcare costs.

80.    Defendants' decision to terminate Ms. Guttu was motivated by the medical bills incurred in connection with Ms. Guttu's healthcare treatment and paid under the employee benefit plan in which Ms. Guttu participated, Ms. Guttu's exercise of her rights and/or benefits under Defendants' employee benefit plan, and Defendants' desire to deprive Ms. Guttu of further access to the rights and/or benefits under the applicable employee benefit plan and/or in retaliation for her receipt of benefits under the employee benefit plan.

81.    Defendants' termination of Ms. Guttu thus violated 29 U.S.C. §1140 (Section 510 of ERISA) by interfering with her rights and/or benefits under the employee benefit plan and by retaliating against her for exercising her rights and/or benefits.

82. The conduct of Defendants was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Guttu.

83. As a direct and proximate result of Defendants' conduct, Ms. Guttu has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendants are liable.

*WHEREFORE*, Plaintiff Diana L. Gondeau-Guttu prays that this Court:

(a) Declare the actions of Defendants as described in Ms. Guttu's Complaint to be unlawful and in violation of her rights under the above cited laws;

(b) Reinstate Ms. Guttu to her former position;

(c) Award Ms. Guttu damages in excess of $25,000.00, including all statutory damages; liquidated damages; compensatory damages; back pay; front pay; all benefits lost; punitive damages under O.R.C. §2315.21; and attorney fees, expenses, and costs of court;

(d) Reinstate Ms. Guttu's insurance benefits;

(e) Award Ms. Guttu the costs of her healthcare bills and other healthcare payments;

(f) Award Ms. Guttu pre- and post-judgment interest on all monetary awards; and

(g) Award Ms. Guttu all other damages due and owing and any other relief, in law or equity, as the Court deems just which will fully and fairly compensate Ms. Guttu for her injuries and damages.

Respectfully submitted,


_____/s/ Kami D. Brauer_____
KAMI D. BRAUER (Ohio #0071030)
STUART G. TORCH (Ohio #0079667)
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
(216) 382-2500 (Telephone)
(216) 381-0250 (Facsimile)
kami@employmentlawpartners.com
stuart@employmentlawpartners.com

*Counsel for Plaintiff Guttu*

14

## <u>JURY DEMAND</u>

A trial by jury is hereby demanded against Defendants on all issues that may be so tried.

_____/s/ Kami D. Brauer_____
KAMI D. BRAUER (#0071030)

*Counsel for Plaintiff Guttu*

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Mrs. Diana Gondeau-Guttu**
**9436 Whalers Cove**
**Mentor, OH 44060**

From: **Cleveland Field Office**
**1240 E 9th St, Suite 3001**
**Cleveland, OH 44199**

EEOC Charge No.
**532-2023-03802**

EEOC Representative
**Legal Unit**

Telephone No.
**(267) 589-9707**

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Dilip Gokhale
11/07/2023

**Dilip Gokhale**
**Director**

Enclosures(s)

cc: **Molly Johnson**
**DLR Group's**
**520 Nicollet Mall Suite 200**
**Minneapolis, MN 55402**

**Sabrina Hashmi**
**DLR Group**
**1650 SPRUCE ST STE 300**
**Riverside, CA 92507**

**Kami D Brauer**
**Employment Law Partners, LLC**
**4700 Rockside Road, Suite 530**
**Independence, OH 44131**

**EXHIBIT A**